UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY ELAINE DESORMEAUX** | : | **DOCKET NO. 2:05 CV 907** |
| **V.** | : | **JUDGE MINALDI** |
| **WAL-MART LOUISIANA LLC, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' motion for leave to file a third supplemental and amending complaint (Doc. 59) and her related motion to remand (Doc. 57). Plaintiff originally filed this action against Wal-Mart Stores, Inc. and XYZ Construction Co. in the 14th Judicial District Court for Calcasieu Parish, Louisiana, on or about February 28, 2005. She alleges that on February 29, 2004, she was a customer at the Wal-Mart store in Sulphur, Louisiana, when a sign letter attached to the building fell on her and injured her. Wal-Mart removed the case to this court on the basis that this court had original diversity jurisdiction pursuant to 28 U.S.C. § 1332. In November, 2005, Plaintiff filed a first supplemental and amending complaint in order to substitute Krystal Beau'nett and/or Beau'nett Construction, Inc. for XYZ Construction Co. and to substitute Wal-Mart Louisiana LLC for Wal-Mart Stores, Inc. Nancy Hawkins d/b/a/ Beau'nett Construction appeared in place of Krystal Beau'nett and/or Beau'nett Construction Co. and admitted that she was domiciled in Texas. In July, 2006, a second supplemental and amending petition was filed alleging that Wal-Mart Louisiana LLC was domiciled in Deleware, and adding Painting Professionals, Inc., a corporation domiciled in Texas, as a defendant. There is no dispute that at this point there is complete diversity and that the requisite jurisdictional amount is

in controversy. Trial is fixed for April 23, 2007.

Plaintiff now proposes to supplement and amend her petition for a third time in order to add a claim against Kojis & Sons Signs, Inc., a citizen of Louisiana. Because Plaintiff is also a Louisiana citizen allowing the amendment will destroy this court's jurisdiction and will require that the related motion to remand be granted. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). The motion for leave to amend is opposed.

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its discretion in deciding whether to allow that party to be added...." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir.1987) (citations omitted).[1] In exercising its discretion, the district court is to consider the following factors,

> ... the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.
> *Hensgens*, 833 F.2d at 1182.

Defendant, Hawkins, candidly concedes that the purpose of the amendment is not to defeat federal jurisdiction. Nor does delay in seeking the amendment weigh against allowing the amendment in this case. The identity of the installer of the sign letter involved in this litigation was not disclosed in discovery until December, 2006, and Plaintiff promptly sought to add the party thereafter. The last factor specifically listed in *Hensgens* is whether Plaintiff will be significantly injured if an amendment is not allowed. As discussed below this court concludes

---

[1] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, courts have suggested that § 1447(e) was a codification of *Hensgens*. See, cases cited in Cobb, 186 F .3d at fn. 4 (5th Cir.1999); *see also, Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir.2001).

that there will be no significant injury because Plaintiff does not have a colorable claim against Kojis & Sons Signs, Inc. ("Kojis").

If Plaintiff does not have a colorable claim against Kojis then this fact is determinative and leave to amend must be denied. *Cobb v. Delta Exports, Inc.*, *supra* at 678 (A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction . . . would never be granted.). Defendants argue that Plaintiff has no colorable claim against Kojis because any such claim has been extinguished by peremption pursuant to La.R.S. 9:2772. This statute provided[2], in pertinent part:

> § 2772. Peremptive period for action involving deficiencies in . . . construction of immovables or improvements thereon.
> A. No action . . . shall be brought against . . . any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
> . . .
> (2) . . . more than ten years after the improvement has been . . . occupied by the owner . . . .

The ten year period is a peremptive period. *Bunge Corp. v. GATX Corp.*, 557 So.2d 1376, 1379 (La. 1990); *State through the Div. of Admin. v. McInnis Bros. Const.*, 701 So.2d 937, n.3 (La. 1997).

> Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation; peremption, however, extinguishes or destroys the right (La. Civ.Code Art. 3458). **Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable.** As an inchoate right, prescription, on the other hand may be renounced,

---

[2] Because a determination of the version of La.R.S. 9:2772 applicable to Plaintiff's claim against Kojis is not material to the outcome of the motion presently before the court it has been assumed, but not decided, that the 1994 version is applicable as it is the version most favorable to Plaintiff.

>interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.

*Naquin v. Lafayette City-Parish Consol. Government*, ___ So.2d ___, 2007 WL 530009 (La. 2007) (*citing Hebert v. Doctors Memorial Hospital*, 486 So.2d 717, 723 (La.1986)).

The ten year peremptive period began to run six months from the date the owner occupied or took possession of the improvement in whole or in part. The building was constructed in 1994. Trahan depos. p.43. Verified and uncontradicted discovery responses indicate that Kojis attached the letter at issue in this suit in September, 1994. Giving Plaintiff the benefit of the doubt the peremptive period would have begun to run by mid-1995. Plaintiff did not seek to bring an action against Kojis until it filed the motion for leave presently before the court in January, 2007.[3] This was well past the ten year peremptive period allowed. Plaintiff's claim against Kojis has been extinguished.

Plaintiff seeks to avoid the effects of R.S. 9:2772 by relying on La.C.C. art. 2324 C[4] and arguing[5] that his suit against joint tortfeasors interrupted the peremptive period. Because R.S. 9:2772 establishes a peremptive period provisions related to interruption of prescription have no application. *Metropolitan Erection Co., Inc. v. Landis Const. Co.*, 627 So.2d 144, 148 (La. 1993). *See also* La.C.C. art. 3461 ("Peremption may not be renounced, interrupted, or suspended."). Plaintiff's suit against the alleged tortfeasors does not serve to interrupt the ten

---

[3] Plaintiff has argued that since there is direct evidence of the date that Wal-Mart occupied or took possession of the store it cannot be said that her claim has necessarily perempted. However, given that the store was constructed in 1994 it is reasonable to infer that Wal-Mart took possession and occupied the store within a short period thereafter. At best it is highly unlikely that Wal-Mart waited until 1997 to take possession of a store constructed in 1994.

[4] This article provides, in part: "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

[5] This argument was made during a telephone conference held on 3//5/07.

year peremptive period.

Plaintiff also argues that the ten year peremptive period did not destroy her claim because her accident occurred within the ten year period. However, the peremptive statute clearly requires that the action against Kojis be filed within the ten year period. The date of the accident is irrelevant to the running of the peremptive period.

For the foregoing reasons it is recommended that the motion for leave to file a third supplemental and amending petition be denied, and that, accordingly, the motion to remand also be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of March, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE