RECEIVED
IN LAKE CHARLES, LA

APR 23 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARY ELAINE DESORMEAUX | : | DOCKET NO. 2:05 CV 907 |
| VS. | : | JUDGE MINALDI |
| WAL-MART STORES, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment [doc. 33] by the defendant, Nancy Hawkins d/b/a Beau'Nett Construction ("Beau'Nett").[1] The defendant submits that there is no genuine issue of material fact that Beau'Nett, through any action or inaction, caused or contributed to the letter "O" falling from the exterior of Wal-Mart Store #331 in Sulphur, Louisiana, and striking the plaintiff. The plaintiff has filed an opposition and the defendant filed a reply.

### Rule 56 Standard

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[2] The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, which it believes demonstrate the absence of a genuine issue

---

[1] Nancy Hawkins and Krystal Beau'Nett are the same person. Hawkins uses Krystal Beau'Nett as a business name.

[2] FED.R.CIV.P. 56(c)

of material fact.[3] Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing the existence of a genuine issue for trial.[4] Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial.[5]

Facts

On January 22, 2004, Wal-Mart requested that Beau'Nett inspect Wal-Mart Store #331 and provide a proposal for correcting a water intrusion problem.[6] Due to prior commitments, Beau'Nett was unable to perform this work, so Hawkins contacted Wayne Overall of Painting Professionals, Inc. to perform the inspection and do the necessary work.[7]

At the request of Painting Professionals, Inc., Sherwin Williams inspected Wal-Mart Store #331 on February 3, 2004. Sherwin Williams submitted a report summarizing their findings and proposing recommendations.[8] On February 3, 2004, Painting Professionals, Inc. submitted a

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988).

[4] *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53; *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514-15; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

[5] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

[6] E-mail from Pat Guthrie dated January 22, 2004, defendant's Ex. B.

[7] Depo. Krystal Beau'Nett, pp. 17-18, defendant's Ex.C.

[8] Ex. C, p. 28.

proposal to Beau'Nett to clean and paint the walls at Wal-Mart Store #331.[9]

On February 5, 2004, Beau'Nett submitted Painting Professionals, Inc.'s proposal to Wal-Mart.[10] On February 6, 2004, Wal-Mart approved the proposal and authorized the work by providing a purchase order number.[11] Upon Wal-Mart's acceptance of the proposal, Beau'Nett authorized Painting Professionals to do the work. The exterior of the Wal-Mart store was cleaned and painted by Painting Professionals, Inc. between February 6, 2004 and February 21, 2004.[12]

No employees, supervisors or any person associated with Beau'Nett had any input or involvement in, nor did any employee or person associated with Beau'Nett direct or control Painting Professionals, Inc. as they performed the work at Wal-Mart Store #331.[13]

On February 29, 2004, the letter "O" attached to the exterior front wall of Wal-Mart Store #331 fell and struck the plaintiff, Mary Elaine Desormeaux ("Desormeaux") as she was exiting the building.

The only job performed by Beau'Nett at Wal-Mart Store #331 involved fixing holes created by rodents in the walls of the receiving dock located at the rear of the building.[14]

---

[9] Ex. C, p. 28.

[10] Ex. C, p. 29.

[11] Ex C., p. 29.

[12] Ex. C, p. 53; Invoice of Painting Professionals, Inc., Ex. I.

[13] Ex. C, pp. 27-34.

[14] Ex. C, p. 37. The plaintiff alleges that Wal-Mart hired Beau'Nett to perform work at the subject store, which included high pressure washing of the exterior and the application of Sherwin Williams products (doc. 35-2, Memorandum in Opposition, p. 6), but no evidence was offered to controvert the evidence that Beau'Nett contracted these jobs out to other companies.

Law

The plaintiff alleges that Beau'Nett is liable to her for injuries sustained when the letter "O" fell from the exterior of Wal-Mart Store #331 in Sulphur, Louisiana, striking the plaintiff's hand, wrist, arm and shoulder on February 29, 2004. In the plaintiff's state court petition, she speculated that some painting work done on the exterior of the building prior to the accident caused the letter to fall.[15]

The Complaint alleges that the accident and the resulting injuries were caused by the fault and negligence of Beau'Nett and that Beau'Nett is liable for the damages caused by their fault or negligence, which consisted of:

a) failing to use reasonable care to keep the premises free of hazardous conditions;

b) improperly securing advertisement letters to the outside of the building;

c) failing to properly inspect and maintain the advertisement letters on the outside of the building;

d) not properly training its employees in safety procedures, particularly regarding securing advertising letters to the outside of the building;

e) failing to establish proper procedures for inspection and maintenance of the advertising letters on the outside of the building;

f) allowing a dangerous condition to exist in the area of the premises creating an unreasonable risk and hazard of injury to the plaintiff;

g) failing, in general, to exercise due care under the existing circumstances; and

h) other acts of negligence which may be proved at the time of trial.[16]

---

[15] Plaintiff's deposition, pp. 53-54.

[16] Complaint ¶6

The defendant submits that, despite having two years to establish the cause of the sign's fall, the plaintiff has no evidence of causation. Additionally, Beau'Nett asserts that it did not perform any work on the exterior of the building prior to the plaintiff's accident.

Beau'Nett has shown the absence of material factual issues. Beau'Nett has introduced evidence that it did not secure, inspect, maintain, manipulate, move or perform any work on or around the letters on the exterior of Wal-Mart Store #331. Nor did Beau'Nett perform the inspection, painting or cleaning of the building. The plaintiffs have not adduced any evidence contrary to this assertion.

Louisiana law is clear that a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner in which the contractor performs his work.[17] There is no evidence that Beau'Nett controlled the method or means by which the subcontractors did their work. There is evidence to the contrary.[18]

The plaintiff has pled strict liability and alternatively, *res ipsa loquitor*. To prevail on a strict liability theory, the plaintiff must establish that the property which caused the damage was in the custody of the defendant.[19] There has been no competent summary judgment introduced to establish custody by Beau'Nett, therefore there can be no strict liability.

It is well settled that *res ipsa loquitur*, Latin for "the thing speaks for itself," is an evidentiary doctrine utilized when there has been a highly unusual act/occurrence; there is no *direct* evidence to suggest that a defendant's negligence brought about said act/occurrence; and yet, the circumstances

---

[17] *See Mack v. CDI Contractors, Inc.* 757 So.2d 93 (La. App. 5 Cir. 2000).

[18] Ex. C., pp. 27-34.

[19] *Luminais v. O.R.S.T. Inc.,* 2007 WL 258344, *5 (La. App. 5 Cir., 2007).

surrounding the anomalous event (coupled with the defendant's connection to the unusual act/occurrence) allow the finder of fact to conclude that the defendant was negligent.[20] In *Cangelosi v. Our Lady of the Lake Regional Medical Center*, 564 So.2d 654 (La.1989), this Court stated:

> The principle of res ipsa loquitur is a rule of circumstantial evidence that infers negligence on the part of defendants because the facts of the case indicate that the negligence of the defendant is the probable cause of the accident, in the absence of other equally probable explanations offered by credible witnesses. The doctrine allows an inference of negligence to arise from the common experience of the factfinder that such accidents normally do not occur in the absence of negligence.

Additionally, the doctrine does not dispense with the rule that negligence must be proved. It simply gives the plaintiff the right to place on the scales, "along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence" sufficient to shift the burden of proof. The doctrine of *res ipsa loquitor* applies only when the facts of the controversy "suggest negligence of the defendant, rather than some other factor, as the most plausible explanation of the accident. Application of the principle is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence."[21] The mere fact that the plaintiff may have suffered harm does not furnish evidence that it was caused by anyone's fault, and the plaintiff must introduce other evidence of some fault on the part of the defendant.[22] Again, the plaintiff in this case has not provided and such

---

[20] Black's Law Dictionary defines *res ipsa loquitur* as "[t]he doctrine providing that, in some circumstances, the mere fact of an accident's occurrence raises an inference of negligence so as to establish a prima facie case." Black's Law Dictionary 608 (2nd Pocket Edition 2001).

[21] *Lawson v. Mitsubishi Motor Sales of America, Inc.*, 938 So.2d 35, *43-44, 2005-0257 (La. 9/6/06), (La., 2006).

[22] *Id.*, at 45.

evidence.

The defendant is correct in stating that it is immaterial which party performed the washing and painting work at Wal-Mart in the absence of any proof that such work caused the letter to fall and the plaintiff has introduced no competent summary judgment evidence of causation. It is clear that the plaintiff believes that the work on the outside of the building must have contributed to the "O" falling, but her unsupported belief does not defeat a motion for summary judgment. There is no genuine issue of material fact that any action of inaction by Beau'Nett caused the letter "O" to fall off of the building and strike the plaintiff. Accordingly, summary judgment will be granted.

In her opposition to the motion for summary judgment, the plaintiff has requested additional time to conduct discovery. Rule 56(f) provides that the summary judgment motion may be denied or the hearing delayed if the nonmoving party shows that more time is needed to obtain necessary facts. Rule 56(f) requires that the nonmoving party make such an assertion by affidavit, stating why that party cannot present facts to justify opposition to the motion.[23] The plaintiff in the case at bar

---

[23] ATLA-TORT § 31:5; Fed. R. Civ. P. 56(f); see also *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832–33 (10th Cir. 1986) (holding district court did not abuse its discretion in granting summary judgment where the nonmoving party failed to file an affidavit explaining the alleged need for additional discovery). *See also Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 803 P.2d 900 (Ct. App. Div. 1 1990); *Jenkins v. International Paper Co.*, 318 Ark. 663, 887 S.W.2d 300 (1994); *Selkirk-Priest Basin Ass'n, Inc. v. State ex rel. Andrus*, 127 Idaho 239, 899 P.2d 949, 102 Ed. Law Rep. 823 (1995). *See also First Nat. Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, Prod. Liab. Rep. (CCH) P 16936 (7th Cir. 2004) (no abuse of discretion for district court to rule on motion for summary judgment before plaintiff in products liability action was satisfied that all necessary discovery had occurred, because plaintiff never submitted Rule 56(f) affidavit claiming that discovery was not sufficiently completed for it to adequately oppose the motion).

did not submit a Rule 56(f) affidavit.[24]

Accordingly, the Motion for Additional Time to Conduct discovery will be denied.

Lake Charles, Louisiana, this 22 day of April, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[24] ATLA-TORT § 31:5 ; Because courts tend to deny requests for continuances supported by no more than conclusory assertions that additional time will uncover material facts, the affidavit in support of the motio for continuance must set forth the nature of the discovery to be completed, the kinds of evidence the nonmoving party anticipates it will obtain, the basis of the belief that such evidence exists, and how that evidence will create a genuine factual dispute. Failure to meet these requirements often leads to a grant of summary judgment despite the need for additional discovery.