RECEIVED
IN LAKE CHARLES, LA

MAY 21 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARY ELAINE DESORMEAUX | : | DOCKET NO. 2:05 CV 0907 |
| VS. | : | JUDGE MINALDI |
| WAL-MART LOUISIANA, L.L.C. AND XYZ CONSTRUCTION COMPANY | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment [doc. 38] filed by Wal-Mart Louisiana, L.L.C., ("Wal-Mart"). This motion has been opposed by the plaintiff and the defendant has filed three supplemental memoranda in support of its motion. The plaintiff has supplemented her opposition.

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c) The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials

in the pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53; *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514-15; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

The plaintiff, Mary Elaine Desormeaux ("Desormeaux"), allegedly sustained injuries to her hand when it was struck by a storefront letter "O" that fell from the "FOOD STORE" sign affixed to the face of the building, as she was exiting the Wal-Mart Store in Sulphur, Louisiana on February 29, 2004.

The storefront had undergone maintenance, cleaning and repainting by Painting Professionals a little over a week prior to the incident. Wal-Mart alleges that there was no prior indication of any problem with the letter "O", nor was there actual or constructive knowledge that the "O" might fall.

The plaintiff has submitted expert testimony of Charles Norman and the defendant has submitted expert testimony of Russell Bellard, Sr. The reports of the two experts differ on key issues, such as inspection and design. The defendant attacks the sufficiency of Norman's report under *Daubert* standards, but there has been no *Daubert* hearing. Wal-Mart submits that the opinion of their expert is based on research and acceptable industry standards while that of the plaintiff's expert are not. There are genuine issues of material fact and the extent of the conflict between these experts precludes summary judgment at this juncture.

Lake Charles, Louisiana, this ⎯⎯ day of May, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE